UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 0:25-cv-61046-EFD

CLERY ANTHONY SYLVESTRE,

Plaintiff,

v.

MOTOR SERVICES HUGO STAMP, INC., and
PACIFIC POWER GROUP, LLC,

Defendants.

_____/



FILED BY _____ D.C.

JUL 06 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF RENEWED MOTION TO COMPEL RULE 26(e) SUPPLEMENTATION, IDENTIFICATION OF ESI SOURCES SEARCHED, CERTIFICATION OF DISCOVERY COMPLETENESS, AND RELATED RELIEF**

**STATEMENT OF ISSUES PRESENTED**

This Reply addresses four limited procedural questions presented by Plaintiff's Renewed Motion to Compel Rule 26(e) Supplementation, Identification of ESI Sources Searched, Certification of Discovery Completeness, and Related Relief ("Renewed Motion") (DE 120) and Defendants' Opposition thereto (DE 125).

1. Whether the Renewed Motion seeks to reopen discovery or, instead, seeks limited relief concerning Defendants' continuing obligations under Rule 26(e) of the Federal Rules of Civil Procedure with respect to discovery previously requested and previously served.

2. Whether Rule 26(e)'s continuing duty to supplement applies to Defendants' discovery responses notwithstanding the procedural posture established by the Court's Omnibus Order (DE 119).

3. Whether the Court's Omnibus Order (DE 119) forecloses the limited procedural relief requested in the Renewed Motion or instead contemplates continued compliance with the Federal Rules governing supplementation, clarification, and the completion of previously served discovery.

Whether Defendants' request for attorney's fees and sanctions, asserted in their Opposition (DE 125), should be denied where the Renewed Motion seeks only limited procedural relief concerning continuing discovery obligations rather than the reopening of discovery.

**PRELIMINARY STATEMENT**

Defendants devote the bulk of their Opposition to arguing against a motion Plaintiff did not file. The Renewed Motion does not seek to reopen discovery, modify the Court's Scheduling Order,

relitigate issues previously decided by the Court, or expand the scope of discovery beyond requests previously served. Rather, it presents a far narrower procedural question: whether Defendants have satisfied their continuing obligations under Rule 26(e) of the Federal Rules of Civil Procedure with respect to discovery previously requested and previously served.

That distinction controls the issues before the Court. A motion to reopen discovery seeks authorization to conduct additional discovery after the discovery period has concluded. Plaintiff's Renewed Motion seeks no such authorization. Instead, it asks the Court to determine whether Defendants have complied with their continuing obligations under Rule 26(e) to supplement materially incomplete or incorrect discovery responses, clarify the completeness of existing productions where appropriate, and certify—following reasonable inquiry—the completeness of their responses to discovery already served.

Specifically, Plaintiff requests limited procedural relief concerning Defendants' existing discovery responses, including, where appropriate: (1) supplementation required by Rule 26(e); (2) clarification regarding the completeness of existing responses; (3) reasonable identification of the electronically stored information ("ESI") custodians, repositories, and sources searched in responding to previously served discovery requests; (4) certification, following reasonable inquiry, concerning the completeness of Defendants' production; and (5) such additional relief as the Court determines appropriate under Rules 1, 26, 34, and 37 of the Federal Rules of Civil Procedure.

Nothing in the Renewed Motion requests leave to propound additional interrogatories, requests for production, requests for admission, or depositions. Nor does it seek reconsideration of the Court's Omnibus Order (DE 119). Instead, the Motion arises from Defendants' continuing discovery obligations following their supplemental productions, the parties' continued conferral efforts, and Plaintiff's review of the existing discovery record after entry of the Omnibus Order.

Accordingly, the Court need not determine whether discovery should be reopened because that issue is not presented. The proper inquiry is whether Defendants have fulfilled their continuing obligations under Rule 26(e) with respect to discovery previously requested and previously served, and whether the limited procedural relief requested is appropriate under the Federal Rules and the procedural record developed in this case.

This Reply first summarizes the relevant procedural history, then identifies the governing legal standards, addresses the principal arguments advanced in Defendants' Opposition, and finally explains why the limited relief requested falls squarely within the Court's authority under Rules 1, 26, 34, and 37 of the Federal Rules of Civil Procedure.

## I. PROCEDURAL HISTORY

This Reply arises from Plaintiff's Renewed Motion to Compel Rule 26(e) Supplementation, Identification of ESI Sources Searched, Certification of Discovery Completeness, and Related Relief ("Renewed Motion") (DE 120). The Renewed Motion concerns Defendants' continuing obligations under Rule 26(e) of the Federal Rules of Civil Procedure with respect to discovery previously requested and previously served. It does not seek reconsideration of the Court's prior rulings, modification of the Court's Scheduling Order, or authorization to conduct additional discovery beyond that previously requested. Rather, it seeks limited procedural relief directed toward determining whether Defendants have satisfied their continuing obligations concerning the completeness and accuracy of their existing discovery responses and productions.

During the discovery period, Plaintiff served written discovery directed to the claims and defenses asserted in this action. Defendants thereafter served written responses and produced documents. After reviewing those responses and productions, Plaintiff identified specific areas in which supplementation, clarification, or additional information concerning the completeness of Defendants' responses appeared necessary. Consistent with Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 7.1, the parties engaged in multiple conferral efforts in an attempt to resolve those issues without Court intervention.

Those discovery disputes culminated in Plaintiff's Motion to Compel (DE 104), Plaintiff's Motion for Extension of the Discovery Cutoff (DE 109), and Defendants' Motion for Extension of Pretrial Deadlines and Continuance of Trial (DE 102). On May 19, 2026, the Court conducted a hearing addressing those motions. Following that hearing, the Court entered its Omnibus Order (DE 119), which resolved the pending motions and provided specific procedural direction regarding the remaining discovery issues.

Among other things, the Omnibus Order directed Plaintiff to identify the previously served discovery request concerning Becky Currie's January 2023 travel and authorized Plaintiff to serve one additional narrowly tailored discovery request concerning the James Gardner matter. The Order resolved the motions then before the Court based upon the record as it existed at that time. Nothing in the Omnibus Order purported to relieve either party of the continuing obligations imposed by Rule 26(e) of the Federal Rules of Civil Procedure to supplement materially incomplete or incorrect discovery responses.

Following entry of the Omnibus Order, Plaintiff complied with the Court's directives by identifying the previously served discovery request concerning the Currie issue and serving the Court-authorized discovery request concerning the Gardner matter. The parties thereafter continued to confer regarding outstanding discovery issues. Plaintiff also reviewed Defendants' supplemental responses and productions and prepared a contemporaneous memorandum documenting the parties' June 12, 2026 discovery conference and the issues that remained unresolved following those efforts.

Only after completing those steps did Plaintiff file the present Renewed Motion. Accordingly, the Motion arises from Defendants' supplemental responses and productions, the parties' post-Order conferral efforts, and Plaintiff's continuing review of the existing discovery record—not from any request to reopen discovery or revisit matters previously decided by the Court.

The procedural posture is therefore significant. The Omnibus Order resolved the motions then pending based upon the record before the Court at that time. The present Renewed Motion presents a different procedural question: whether Defendants have fulfilled their continuing obligations under Rule 26(e) in light of their subsequent supplemental responses, productions, and the parties' continued conferral efforts. That distinction frames the issues presented by this Reply and informs the legal standards governing the Court's analysis.

## II. STANDARD OF REVIEW

**Federal district courts possess broad discretion to supervise the discovery process and to resolve disputes concerning the scope, sufficiency, completeness, and supplementation of discovery under the Federal Rules of Civil Procedure.** See *Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("The trial court is in a better position than an appellate court to decide when a case is appropriate for the use of the discovery procedures."); *Crawford-El v. Britton*, 523 U.S. 574, 598

(1998) (recognizing the district court's broad discretion to exercise control over discovery). That discretion includes determining whether parties have complied with their continuing obligations to supplement prior discovery responses, whether clarification concerning existing productions is appropriate, and whether limited relief is necessary to ensure compliance with the Federal Rules of Civil Procedure.

Rule 1 further provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Accordingly, discovery disputes should be resolved in a manner that promotes the efficient administration of the litigation while ensuring that each party fulfills its obligations of disclosure, production, and supplementation under the Federal Rules.

The Advisory Committee Notes emphasize that Rule 1 imposes an affirmative responsibility upon both the Court and the parties to administer the Rules in a manner that promotes efficient, fair, and cost-effective litigation. Attorneys and judges share responsibility for achieving those objectives throughout the litigation process.

**Rule 26(e) imposes a continuing duty to supplement or correct a discovery response in a timely manner when a party learns that its prior response is materially incomplete or incorrect and the additional or corrective information has not otherwise been made known during the discovery process.** Fed. R. Civ. P. 26(e)(1)(A). The Rule reflects the Federal Rules' continuing obligation to ensure that discovery responses remain materially complete and accurate throughout the litigation.Accordingly, the threshold question presented by the Renewed Motion is not whether Plaintiff should be permitted to conduct additional discovery. Rather, the issue before the Court is whether Defendants have satisfied their continuing obligations under Rules 26(e), 26(g), 34, and 37 with respect to discovery previously requested and previously served, and whether the limited procedural relief requested is appropriate under the Federal Rules and the procedural record developed in this action.

In resolving that question, the Court may consider the written discovery previously served, Defendants' original and supplemental responses, the parties' conferral efforts, the Court's prior Orders, and the entire procedural record developed during discovery. The Court retains broad discretion to grant the requested relief in whole or in part, deny relief as to individual requests, or fashion such other relief as it determines appropriate under the circumstances and consistent with the Federal Rules of Civil Procedure.

## III. THE RENEWED MOTION DOES NOT SEEK TO REOPEN DISCOVERY

The principal premise underlying Defendants' Opposition is that Plaintiff seeks to reopen discovery after expiration of the discovery period. Respectfully, that premise mischaracterizes the relief actually requested.

The Renewed Motion does not seek leave to propound additional interrogatories, requests for production, requests for admission, or depositions. Nor does it request modification of the Court's Scheduling Order, reconsideration of the Court's Omnibus Order (DE 119), or authorization to expand the scope of discovery beyond requests previously served.

Instead, the Renewed Motion seeks limited relief directed toward Defendants' continuing obligations under Rule 26(e) concerning the completeness and accuracy of their existing discovery responses and productions. Specifically, Plaintiff requests that the Court determine whether Defendants have satisfied their continuing duty to supplement materially incomplete discovery responses, clarify the completeness of existing productions where appropriate, identify the repositories and sources reasonably searched for responsive electronically stored information, and certify—following reasonable inquiry—the completeness of their responses to discovery previously served.

These requests arise directly from discovery served during the discovery period, Defendants' subsequent responses and productions, the parties' continued conferral efforts following entry of the Court's Omnibus Order, and Plaintiff's review of the existing discovery record. They do not seek authorization to initiate a new phase of discovery.

This distinction is significant because the legal standards governing motions to reopen discovery differ from those governing enforcement of Rule 26(e)'s continuing supplementation requirement. The Court therefore should evaluate the Renewed Motion according to the relief it actually seeks rather than according to the broader characterization advanced in Defendants' Opposition.

Properly understood, the Renewed Motion presents a narrow procedural question concerning the continuing adequacy of Defendants' existing discovery responses. That issue falls squarely within the Court's authority to supervise discovery and enforce compliance with the Federal Rules of Civil Procedure.

## IV. THE FEDERAL RULES OF CIVIL PROCEDURE SUPPORT THE LIMITED RELIEF REQUESTED

The Renewed Motion seeks limited procedural relief firmly grounded in the Federal Rules of Civil Procedure. Properly understood, the Motion asks the Court to determine whether Defendants have fulfilled their continuing obligations concerning discovery previously requested and previously served. It does not seek authorization to conduct additional discovery, modify the Court's Scheduling Order, or revisit matters previously decided. Rather, it requests narrowly tailored relief directed toward ensuring that Defendants' existing discovery responses satisfy the continuing obligations imposed by the Federal Rules.

The Federal Rules establish an integrated framework governing the discovery process. Read together, Rules 1, 26, 34, and 37 require parties to conduct reasonable inquiries, produce responsive nonprivileged information within their possession, custody, or control, supplement materially incomplete or incorrect discovery responses, and cooperate in the efficient administration of discovery. The limited relief requested falls squarely within that framework.

Accordingly, the Court should evaluate the Renewed Motion under the legal standards governing continuing discovery obligations rather than those applicable to motions seeking to reopen discovery or modify scheduling deadlines.

---

### A. Rule 1 Supports the Limited Relief Requested

Rule 1 provides that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

That directive is more than an aspirational statement. Rule 1 establishes the governing principle for the administration of every civil action and requires both litigants and the Court to employ the Rules in a manner that promotes efficiency, fairness, and the accurate resolution of disputes. Discovery is intended to narrow contested issues, eliminate unnecessary surprise, and permit the case to proceed on a complete and reliable factual record.

The limited relief requested advances those objectives.

Plaintiff does not seek to prolong discovery or expand its scope. Instead, Plaintiff requests that the Court determine whether Defendants have satisfied their continuing obligations concerning discovery previously requested and previously served, and, if necessary, direct limited supplementation or clarification sufficient to ensure the completeness of the existing discovery record.

Resolving those issues now promotes judicial economy by reducing the likelihood of future disputes regarding the adequacy of Defendants' discovery responses. Conversely, unresolved questions concerning the completeness of existing discovery responses increase the risk of avoidable motion practice, evidentiary disputes, and unnecessary inefficiency as the litigation proceeds toward dispositive motions and trial.

The limited procedural relief requested therefore advances—not frustrates—the objectives embodied in Rule 1. Rather than initiating a new phase of discovery, Plaintiff seeks only to ensure that the discovery already conducted satisfies the standards established by the Federal Rules and accurately reflects the information required to be disclosed.

Accordingly, Rule 1 supports judicial consideration of the Renewed Motion according to the relief it actually seeks.

## B. Rule 26(e) Imposes a Continuing Duty to Supplement Existing Discovery Responses

Rule 26(e) requires a party that has responded to a request for discovery to supplement or correct its disclosure or response "in a timely manner" if the party learns that the disclosure or response is materially incomplete or incorrect and the additional or corrective information has not otherwise been made known to the opposing party during the discovery process or in writing.

Rule 26(e) is not a mechanism for reopening discovery; rather, it governs the continuing accuracy and completeness of discovery responses that have already been served. The Rule requires timely supplementation when a party learns that a prior response is materially incomplete or incorrect and the corrective information has not otherwise been disclosed during the discovery process.

The Rule imposes a continuing obligation. That duty does not terminate merely because an initial discovery response has been served, a discovery motion has been resolved, or the discovery period has otherwise concluded. Rather, Rule 26(e) exists to ensure that discovery responses remain materially complete and accurate throughout the course of the litigation, thereby promoting the truth-seeking function of discovery and preventing trial by surprise.

The Advisory Committee Notes explain that supplementation is intended to prevent parties from relying upon materially incomplete discovery responses while avoiding unnecessary duplication where the information has otherwise been made known during discovery.

Accordingly, the question presented by the Renewed Motion is not whether Plaintiff should be permitted to serve additional discovery requests. Instead, the issue is whether Defendants have fulfilled their continuing obligation to supplement existing responses if, following a reasonable inquiry, they learned that any prior response or production was materially incomplete or incorrect.

The distinction is critical. A motion seeking to reopen discovery asks the Court to authorize additional discovery beyond that previously permitted. By contrast, a motion invoking Rule 26(e) asks the Court to determine whether a responding party has complied with an existing obligation imposed by the Federal Rules. The Renewed Motion falls squarely within the latter category.

Here, Plaintiff seeks only those measures reasonably necessary to evaluate compliance with Rule 26(e). Specifically, Plaintiff requests that the Court determine whether supplementation is required with respect to discovery previously requested and previously served, including existing responses concerning electronically stored information ("ESI"), communications, Human Resources materials, Paylocity audit records, performance evaluations, termination-related documents, comparator information, and other categories identified in the Renewed Motion and supporting exhibits.

Plaintiff does not presume that supplementation is necessarily required as to every category. Rather, Plaintiff requests that the Court determine, based upon the existing record and Defendants' continuing obligations under Rule 26(e), whether additional supplementation is appropriate and, if so, direct only such supplementation as the Federal Rules require.

This measured approach is consistent with both the language and purpose of Rule 26(e). The Rule neither authorizes unlimited discovery nor relieves parties of their continuing duty to correct materially incomplete responses. Instead, it strikes an appropriate balance by requiring parties to ensure that their discovery responses remain materially accurate as litigation progresses.

Accordingly, the Court should evaluate the Renewed Motion as one seeking enforcement of Rule 26(e)'s continuing supplementation requirement rather than as a request to reopen discovery.

## C. Rule 26(g) Requires Discovery Responses to Be Based Upon a Reasonable Inquiry

Rule 26(g) provides an important safeguard in the federal discovery process. By signing a discovery response, an attorney certifies that, to the best of the person's knowledge, information, and belief formed after a **reasonable inquiry**, the response is complete and correct as of the time it is made, consistent with the Federal Rules of Civil Procedure, and not interposed for any improper purpose.

The certification requirement imposed by Rule 26(g) serves to ensure that discovery responses are the product of a reasonable investigation rather than assumption, speculation, or incomplete inquiry. It requires counsel to make an affirmative determination that responsive information

within the responding party's possession, custody, or control has been reasonably identified and that the response accurately reflects the results of that inquiry.

Rule 26(g) requires that counsel certify discovery responses after conducting a reasonable inquiry under the circumstances. The Advisory Committee Notes explain that this certification is measured by an objective standard of reasonableness rather than subjective good faith.

The Renewed Motion requests no greater obligation than the Federal Rules already impose. Plaintiff does not ask the Court to require Defendants to certify information beyond the scope of Rule 26(g), nor does Plaintiff seek a heightened or extraordinary form of certification. Rather, Plaintiff requests that, to the extent the Court determines clarification or supplementation is appropriate, Defendants confirm—following the reasonable inquiry already required by Rule 26(g)—whether their existing discovery responses are complete or whether additional responsive, nonprivileged information must be produced pursuant to Rule 26(e).

This request is particularly appropriate where questions remain concerning the completeness of electronically stored information ("ESI"), communications, Human Resources records, Paylocity audit information, performance evaluation materials, termination-related documents, and other categories identified in the Renewed Motion. A reasonable inquiry necessarily encompasses the identification of relevant custodians, repositories, and sources reasonably searched in responding to previously served discovery requests.

Importantly, Plaintiff does not seek disclosure of attorney work product, litigation strategy, privileged communications, or the mental impressions of counsel. Nor does Plaintiff request a detailed explanation of every step taken during Defendants' discovery process. Instead, Plaintiff seeks only sufficient confirmation to permit the Court and the parties to determine whether Defendants have complied with the obligations already imposed by Rules 26(g) and 26(e).

Viewed in this context, Plaintiff's request is neither burdensome nor extraordinary. It simply asks the Court to enforce the certification and reasonable inquiry requirements established by the Federal Rules themselves. If Defendants have already conducted the reasonable inquiry required by Rule 26(g) and fulfilled their continuing obligations under Rule 26(e), the requested confirmation should impose little, if any, additional burden. If they have not, the Federal Rules provide the appropriate mechanism for correcting materially incomplete or inaccurate discovery responses.

Accordingly, Rule 26(g) provides additional support for the limited procedural relief requested in the Renewed Motion.

### D. Rule 34 Governs the Production of Responsive Documents and Electronically Stored Information

Rule 34 requires production of responsive, nonprivileged documents and electronically stored information within a party's possession, custody, or control. The Rule contemplates that parties will undertake a reasonable search for responsive information consistent with the proportionality principles reflected throughout the discovery rules.

The Rule does not prescribe a single method for conducting that search. Rather, it requires that the responding party's efforts be reasonable under the circumstances and sufficient to locate responsive information within the scope of the discovery requests. Whether a reasonable search

has been conducted necessarily depends upon the facts of each case, including the nature of the information sought, the custodians involved, the repositories likely to contain responsive information, and the responding party's information systems.

The Renewed Motion does not ask the Court to supervise Defendants' internal discovery process or compel disclosure of privileged litigation strategy. Nor does Plaintiff seek a forensic examination of Defendants' electronic systems or an exhaustive description of every step taken during document collection.

Instead, Plaintiff requests limited clarification sufficient to permit evaluation of whether Defendants have conducted a reasonable search for responsive, nonprivileged information responsive to discovery requests previously served. Specifically, Plaintiff requests reasonable identification of the custodians, repositories, and sources searched with respect to categories of electronically stored information identified in the Renewed Motion, including Microsoft Teams communications, email communications, Human Resources records, Paylocity audit information, performance evaluation materials, termination-related documents, and other previously requested records.

That request is proportional to the issues presented. Without some understanding of the repositories and sources searched, it may be difficult to determine whether the production reflects a reasonable search or whether apparent gaps in the production result from the absence of responsive information, limitations in the search conducted, or other legitimate circumstances. Limited clarification concerning the sources searched therefore promotes transparency and facilitates the efficient resolution of discovery disputes without unnecessarily expanding discovery.

Importantly, Plaintiff does not request disclosure of search terms, attorney work product, litigation strategy, or privileged communications unless the Court determines that such information is necessary and appropriate under the circumstances. Rather, Plaintiff seeks only enough information to evaluate whether responsive, nonprivileged electronically stored information has been reasonably identified, searched, and produced in response to discovery requests properly served during the discovery period.

If Defendants have conducted a reasonable search and produced all responsive, nonprivileged information within their possession, custody, or control, limited clarification regarding the repositories and custodians searched should confirm that compliance and substantially narrow any remaining areas of disagreement. Conversely, if additional responsive information is identified through that process, Rule 26(e) provides the mechanism for timely supplementation.

Accordingly, the limited relief requested concerning electronically stored information and document production is fully consistent with Rule 34 and complements the continuing supplementation obligations imposed by Rule 26(e).

### E. Rule 37 Authorizes the Court to Resolve Discovery Disputes and Order Appropriate Relief

Rule 37 provides the procedural mechanism by which federal courts enforce the discovery obligations established by the Federal Rules of Civil Procedure. It authorizes the Court to resolve disputes concerning the sufficiency of discovery responses, determine whether a party has

complied with its discovery obligations, and enter such orders as are appropriate to secure compliance with the Rules.

The Rule affords substantial flexibility in tailoring relief proportionate to the particular discovery issues before the Court.

The Rule reflects the principle that discovery is intended to function as a cooperative process governed by disclosure, reasonable inquiry, and timely supplementation. When legitimate disputes arise concerning the adequacy or completeness of discovery responses, Rule 37 entrusts the Court with broad discretion to determine whether judicial intervention is appropriate and, if so, to fashion relief proportional to the issues presented.

The Renewed Motion invokes that authority in a limited manner. Plaintiff does not seek punitive sanctions, evidentiary sanctions, adverse inferences, issue preclusion, or any other extraordinary remedy. Nor does Plaintiff ask the Court to reopen discovery or authorize an expanded scope of discovery beyond requests properly served during the discovery period.

Instead, Plaintiff requests narrowly tailored procedural relief directed toward determining whether Defendants have complied with their continuing obligations under Rules 26(e), 26(g), and 34. Specifically, Plaintiff asks the Court, where appropriate, to require supplementation of materially incomplete discovery responses, clarification regarding the completeness of existing productions, reasonable identification of the principal ESI custodians and repositories searched, and confirmation—following the reasonable inquiry required by Rule 26(g)—that Defendants have produced all responsive, nonprivileged information within their possession, custody, or control or, alternatively, identified any responsive information that does not exist, cannot be located after a reasonable search, is not within their possession, custody, or control, or is withheld pursuant to a properly asserted claim of privilege.

These requests fall well within the type of procedural relief routinely considered under Rule 37. The Rule exists not only to remedy discovery failures after they occur, but also to ensure that discovery obligations are fulfilled before disputes unnecessarily affect the orderly progression of the litigation. Resolving questions concerning the completeness of existing discovery responses before dispositive motions or trial promotes efficiency, reduces uncertainty, and serves the truth-seeking purpose of discovery.

Importantly, Rule 37 affords the Court substantial flexibility in fashioning an appropriate remedy. The Court is not required to grant or deny the Renewed Motion in its entirety. Rather, it may evaluate each category of requested relief independently, determine whether additional supplementation, clarification, or confirmation is warranted as to a particular category of discovery, and grant or deny relief accordingly.

For example, the Court may conclude that no further action is necessary with respect to certain discovery requests while determining that limited supplementation or clarification is appropriate as to others. Likewise, the Court may conclude that existing productions are sufficient but that limited information regarding the custodians, repositories, or sources searched would facilitate resolution of any remaining dispute concerning the completeness of Defendants' production. Such tailored relief is entirely consistent with the Court's broad authority under Rule 37 to supervise discovery in a manner proportional to the needs of the case.

Accordingly, Rule 37 provides the procedural authority for the Court to resolve the limited issues presented by the Renewed Motion and to fashion such relief as it determines appropriate under the Federal Rules and the record developed in this action.

## V. DEFENDANTS' OPPOSITION DOES NOT WARRANT DENIAL OF THE RENEWED MOTION

Defendants' Opposition rests upon a single overarching premise: that Plaintiff's Renewed Motion seeks to reopen discovery, relitigate issues previously resolved by the Court, and obtain relief beyond that authorized by the Federal Rules of Civil Procedure. Respectfully, that premise mischaracterizes both the relief requested and the governing legal standards.

The Court's analysis should begin with the Motion actually before it—not with Defendants' characterization of that Motion. Properly understood, the Renewed Motion presents a narrow procedural question concerning Defendants' continuing obligations under Rules 26(e), 26(g), 34, and 37 with respect to discovery previously requested and previously served. It neither requests nor requires the Court to reopen discovery, modify the Scheduling Order, reconsider prior rulings, or authorize new discovery.

Once the Motion is viewed according to the relief it actually requests, Defendants' principal arguments do not support denial of the limited procedural relief sought.

---

### A. Defendants Incorrectly Characterize the Renewed Motion as a Motion to Reopen Discovery

Throughout their Opposition, Defendants repeatedly characterize the Renewed Motion as an attempt to reopen discovery after expiration of the discovery period.

Respectfully, that characterization is inconsistent with the relief actually requested.

The Renewed Motion does not request leave to serve additional interrogatories, requests for production, requests for admission, or notices of deposition. It does not seek additional discovery beyond requests previously served. Nor does it ask the Court to modify its Scheduling Order or reconsider the Omnibus Order (DE 119).

Instead, Plaintiff requests limited relief concerning the continuing adequacy of Defendants' existing discovery responses, including supplementation where required by Rule 26(e), clarification regarding the completeness of existing productions, reasonable identification of principal ESI custodians and repositories searched, and confirmation that Defendants have complied with the reasonable inquiry required by Rule 26(g).

Those requests concern existing discovery obligations—not new discovery.

Because Defendants' Opposition is premised upon a fundamentally different motion than the one actually before the Court, much of its analysis does not address the issues presented by the Renewed Motion.

---

### B. The Omnibus Order Does Not Eliminate Continuing Rule 26(e) Obligations

Defendants correctly observe that the Court entered its Omnibus Order (DE 119) following the May 19, 2026 discovery hearing.

Plaintiff fully agrees.

The significance of the Omnibus Order, however, lies in what it resolved—and what it did not.

The Order resolved the motions then pending before the Court and directed Plaintiff to identify the previously served discovery request concerning Becky Currie's January 2023 travel and to serve one narrowly tailored request concerning the James Gardner matter. Plaintiff complied with those directives.

Nothing in the Omnibus Order states that Defendants' continuing obligations under Rule 26(e) ceased upon entry of the Order. Nor does the Order relieve either party of the ongoing duties imposed by the Federal Rules to supplement materially incomplete discovery responses or correct materially inaccurate responses when appropriate.

The Renewed Motion therefore does not seek relief inconsistent with the Omnibus Order. Rather, it asks the Court to determine whether Defendants have fulfilled their continuing obligations after the parties completed the steps contemplated by that Order and after Defendants served supplemental responses and productions.

Accordingly, the Omnibus Order and the Renewed Motion address different procedural questions and are not in conflict.

---

## C. Plaintiff Continued to Comply With the Court's Directives

The procedural record demonstrates Plaintiff's continued compliance with the Court's directives following entry of the Omnibus Order.

Specifically, Plaintiff:

- identified the previously served discovery request concerning Becky Currie's January 2023 travel;
- served the Court-authorized discovery request regarding the James Gardner matter;
- continued conferring with Defendants concerning remaining discovery issues;
- reviewed Defendants' supplemental responses and productions; and
- documented those conferral efforts before filing the Renewed Motion.

These actions reflect continued participation in the discovery process consistent with the Court's directives and the Federal Rules.

They do not reflect an attempt to circumvent the Court's prior rulings or initiate a new round of discovery.

To the contrary, the Renewed Motion was filed only after Plaintiff completed the procedural steps contemplated by the Omnibus Order and concluded that limited issues remained concerning the completeness of Defendants' existing discovery responses.

---

## D. The Court Should Evaluate the Motion According to the Relief Actually Requested

Ultimately, the Court need not determine whether discovery should be reopened because that issue is not presented.

The issue presented is considerably narrower.

The Court should determine whether Defendants have fulfilled their continuing obligations under Rules 26(e), 26(g), and 34 with respect to existing discovery responses and, if not, whether limited relief under Rule 37 is appropriate.

Viewed through that lens, the Renewed Motion presents a straightforward procedural dispute concerning the continuing adequacy of existing discovery responses—not an attempt to relitigate matters previously resolved or expand the scope of discovery.

Accordingly, Defendants' characterization of the Motion does not provide a basis for denying the limited relief requested.

## VI. THE RENEWED MOTION PRESENTS A CONCRETE DISCOVERY DISPUTE APPROPRIATE FOR JUDICIAL RESOLUTION

Defendants contend that the Renewed Motion fails to identify a cognizable discovery dispute warranting judicial intervention. Respectfully, the record demonstrates otherwise. The Renewed Motion identifies specific categories of discovery previously requested during the discovery period, explains the remaining issues concerning those categories following Defendants' responses and supplemental productions, documents the parties' conferral efforts, and requests limited procedural relief directed toward Defendants' continuing obligations under the Federal Rules.

The issue before the Court is not whether Plaintiff has expressed generalized dissatisfaction with Defendants' discovery responses. Rather, the question is whether the Renewed Motion identifies concrete issues concerning the completeness of existing discovery responses that are appropriate for resolution under Rules 26(e), 26(g), 34, and 37. It does.

### A. The Renewed Motion Identifies Specific Categories of Existing Discovery

The Renewed Motion does not seek broad or undefined relief. Instead, it identifies discrete categories of discovery previously requested for which Plaintiff seeks limited supplementation, clarification, or confirmation concerning the completeness of Defendants' existing responses.

Those categories include, among others:

- Electronically stored information ("ESI"), including Microsoft Teams communications, email communications, and related electronic records;
- Paylocity audit logs, timekeeping records, edit histories, and associated audit information;
- Human Resources complaints, investigations, and related personnel records;
- Performance evaluations, drafts, revisions, routing histories, approval records, and termination-related documentation;
- Comparator information previously requested during discovery;

- Corporate-control and electronically stored information custody issues affecting responsive materials;

- Communications concerning Becky Currie's January 2023 travel identified pursuant to the Court's Omnibus Order (DE 119);

- The Court-authorized discovery request concerning the James Gardner matter; and

- Other categories specifically identified in the Renewed Motion and supporting exhibits.

Each category corresponds to discovery requests previously served during the discovery period. The Renewed Motion therefore concerns the continuing adequacy of Defendants' responses to existing discovery—not an effort to initiate additional discovery.

## B. Plaintiff Documented the Remaining Issues Through Continued Conferral

The Federal Rules favor the resolution of discovery disputes through meaningful conferral before judicial intervention becomes necessary.

Consistent with that principle, Plaintiff continued to confer with Defendants following entry of the Court's Omnibus Order, reviewed Defendants' supplemental responses and productions, and documented the remaining areas of disagreement before filing the Renewed Motion.

The supporting exhibits organize those issues by identifying the discovery requests involved, summarizing Defendants' responses, correlating those responses with the remaining questions concerning completeness, and documenting the parties' efforts to resolve those issues without further Court involvement.

The existence of those conferral efforts demonstrates that the Renewed Motion arises from an actual discovery dispute rather than from speculation or disagreement in the abstract.

## C. The Requested Relief Is Narrowly Tailored to the Remaining Issues

The relief requested is procedural and proportional.

Plaintiff requests only those measures reasonably necessary to determine whether Defendants have fulfilled their continuing obligations concerning existing discovery responses.

Specifically, Plaintiff requests, where appropriate:

- supplementation required by Rule 26(e);

- clarification concerning the completeness of existing responses;

- reasonable identification of the principal custodians, repositories, and sources searched for responsive electronically stored information;

- confirmation, following the reasonable inquiry required by Rule 26(g), concerning the completeness of Defendants' production; and

- such additional relief as the Court determines appropriate under the circumstances.

None of these requests seeks authorization to initiate a new phase of discovery or expand the scope of discovery beyond requests previously served.

Instead, each request is directed toward determining whether Defendants have complied with obligations already imposed by the Federal Rules.

---

### D. Plaintiff's Supporting Exhibits Assist the Court's Review

Defendants criticize the organization and number of Plaintiff's supporting exhibits.

Respectfully, the exhibits are intended to assist—not burden—the Court.

They organize a lengthy discovery history into discrete categories, correlate individual discovery requests with Defendants' responses and supplemental productions, summarize the parties' conferral efforts, identify the procedural history relevant to each remaining issue, and provide a structured framework through which the Court may evaluate the requested relief.

The exhibits do not alter the issues presented by the Renewed Motion. Rather, they provide context that permits the Court to evaluate each request individually without requiring the Court to reconstruct the discovery record from numerous filings and correspondence.

Importantly, Defendants do not identify material inaccuracies within Plaintiff's chronology, discovery matrices, conferral memorandum, or supporting summaries. Instead, their Opposition primarily disputes Plaintiff's characterization of the legal significance of those materials.

That disagreement does not diminish the usefulness of the exhibits in organizing the record before the Court.

---

### E. The Procedural Record Presents a Justiciable Discovery Controversy

Viewed as a whole, the procedural record demonstrates that the Renewed Motion presents a concrete and justiciable discovery dispute.

Plaintiff identifies specific discovery requests, identifies the remaining issues concerning those requests, documents continued conferral efforts, and requests narrowly tailored relief directed toward Defendants' continuing obligations under the Federal Rules.

Whether the Court ultimately concludes that supplementation, clarification, or confirmation is appropriate as to every category is a matter committed to the Court's sound discretion.

The threshold question, however, is whether the Motion presents a concrete procedural dispute appropriate for judicial resolution.

The record demonstrates that it does.

### VII. THE LIMITED RELIEF REQUESTED IS PROPORTIONAL, PROCEDURALLY APPROPRIATE, AND WITHIN THE COURT'S DISCRETION

The Renewed Motion requests limited procedural relief directed toward determining whether Defendants have fulfilled their continuing obligations under the Federal Rules of Civil Procedure with respect to their existing discovery responses. It does not seek to expand discovery, modify the Court's Scheduling Order, reconsider prior rulings, or impose sanctions. Rather, Plaintiff requests only those measures reasonably necessary to ensure that the existing discovery record is

complete, accurate, and consistent with the obligations imposed by Rules 26(e), 26(g), 34, and 37.

The limited nature of the requested relief is significant. Rather than seeking broad or extraordinary remedies, Plaintiff asks the Court to resolve discrete procedural questions concerning the adequacy of Defendants' existing discovery responses and to direct only such additional action as the Court determines appropriate under the Federal Rules.

## A. Each Category of Requested Relief May Be Evaluated Independently

Nothing in the Renewed Motion requires the Court to grant or deny every request as a single package.

Instead, the Court may evaluate each category of requested relief independently, determine whether supplementation, clarification, or confirmation is appropriate as to that category, and grant or deny relief accordingly.

For example, the Court may conclude that certain discovery categories require no additional action while determining that others warrant limited supplementation under Rule 26(e) or clarification regarding the completeness of existing productions. Likewise, the Court may determine that confirmation following the reasonable inquiry required by Rule 26(g) is appropriate as to some categories but unnecessary as to others.

Such an approach is fully consistent with the Court's broad discretion in supervising discovery and permits relief tailored to the particular issues presented by the record.

## B. The Requested Relief Is Narrowly Tailored

Every request contained in the Renewed Motion relates to discovery previously served during the discovery period.

Plaintiff does not seek leave to propound additional written discovery.

Plaintiff does not seek additional depositions.

Plaintiff does not request expansion of discovery beyond the matters already placed at issue during discovery.

Instead, Plaintiff requests only those measures reasonably necessary to determine whether Defendants' existing discovery responses satisfy their continuing obligations under the Federal Rules.

That limited approach reflects the proportionality principles embodied in Rule 26(b)(1) and promotes the efficient administration of discovery without imposing unnecessary burdens on the parties or the Court.

## C. Resolving These Issues Promotes Judicial Economy

Resolving the remaining questions concerning the completeness of Defendants' existing discovery responses before dispositive motions or trial serves the interests of judicial economy.

A determination now regarding whether supplementation, clarification, or confirmation is appropriate may substantially reduce the likelihood of future disputes concerning the adequacy of discovery, the admissibility of evidence, or allegations of incomplete production.

Conversely, postponing resolution of legitimate questions concerning the completeness of the existing discovery record may result in avoidable motion practice, evidentiary disputes, or uncertainty later in the proceedings.

The limited procedural relief requested therefore promotes the efficient administration of this litigation and is consistent with the objectives of Rule 1.

---

## D. The Requested Relief Is Proportional to the Needs of the Case

The relief requested is proportional both in scope and purpose.

Plaintiff does not seek extraordinary sanctions, adverse evidentiary rulings, or relief that would materially alter the procedural posture of this case.

Rather, Plaintiff requests limited measures directed toward ensuring that Defendants have complied with the discovery obligations already imposed by the Federal Rules.

Those requests are confined to existing discovery responses, are supported by the procedural record, and arise from specific categories of discovery identified in the Renewed Motion and supporting exhibits.

Accordingly, the relief sought is proportional to the issues presented and consistent with the principles governing modern federal discovery practice.

---

## E. The Court May Fashion Appropriate Relief

Finally, the Court retains broad discretion to tailor any relief granted to the circumstances presented.

If the Court concludes that supplementation is appropriate as to certain categories of discovery but not others, it may grant relief in part and deny relief in part.

If the Court determines that clarification concerning existing productions is sufficient without requiring additional supplementation, it may order only that relief.

If the Court concludes that Defendants have fully complied with their obligations as to a particular category, it may deny relief with respect to that category while granting relief elsewhere if appropriate.

The Renewed Motion fully respects that discretion.

Plaintiff does not ask the Court to adopt an inflexible remedy or to grant relief beyond that authorized by the Federal Rules. Instead, Plaintiff respectfully requests that the Court evaluate each category of requested relief on its own merits and fashion such relief as the Court determines appropriate under the Federal Rules and the record developed in this action.

## VIII. DEFENDANTS' REQUEST FOR ATTORNEY'S FEES, EXPENSES, AND SANCTIONS SHOULD BE DENIED

Defendants request an award of attorney's fees, expenses, and sanctions on the ground that Plaintiff's Renewed Motion is procedurally improper and without merit. Respectfully, neither the procedural record nor the governing Federal Rules support that request.

Rule 37(a)(5) does not require an award of expenses merely because a motion is denied in whole or in part. The Rule expressly recognizes circumstances in which an award would be inappropriate, including where the motion was substantially justified or other circumstances make an award unjust. Plaintiff respectfully submits that this Motion—filed after continued conferral, compliance with the Court's Omnibus Order, and review of Defendants' supplemental productions—falls squarely within those principles.

The Renewed Motion was filed only after Plaintiff completed the actions contemplated by the Court's Omnibus Order (DE 119), continued conferring with Defendants concerning the remaining discovery issues, reviewed Defendants' supplemental responses and productions, and concluded that limited questions remained concerning Defendants' continuing obligations under Rules 26(e), 26(g), and 34 of the Federal Rules of Civil Procedure.

The Motion does not seek to reopen discovery, expand the scope of prior discovery requests, or circumvent the Court's prior Orders. Instead, it requests limited procedural relief directed toward determining whether Defendants have fulfilled their continuing obligations concerning the completeness and accuracy of their existing discovery responses.

Although Defendants disagree with Plaintiff's interpretation of the Federal Rules and the procedural posture of this case, such disagreement does not establish that the Renewed Motion was filed in bad faith, for an improper purpose, or in a manner warranting the extraordinary remedy of attorney's fees or sanctions.

To the contrary, the procedural record demonstrates that Plaintiff:

- served written discovery during the discovery period;
- participated in the discovery process;
- engaged in repeated conferral efforts consistent with Rule 37(a)(1) and Local Rule 7.1;
- complied with the Court's directives following the May 19, 2026 hearing and the Omnibus Order (DE 119);
- reviewed Defendants' supplemental responses and productions; and
- sought judicial intervention only after those efforts failed to resolve the remaining issues identified in the Renewed Motion.

Those actions are inconsistent with any suggestion that Plaintiff acted for an improper purpose or without a reasonable basis.

Moreover, even if the Court ultimately concludes that one or more individual requests contained within the Renewed Motion should be denied, that determination would not, standing alone, justify the imposition of attorney's fees or sanctions.

Federal discovery practice routinely involves legitimate disagreements concerning the scope of discovery obligations, the adequacy of document productions, the application of Rule 26(e), and

the sufficiency of supplementation. The existence of such a dispute does not transform a procedurally supported motion into sanctionable conduct.

Indeed, the Renewed Motion presents a genuine legal question concerning the application of Rules 26(e), 26(g), 34, and 37 to Defendants' existing discovery responses following the Court's Omnibus Order and subsequent supplemental productions. Plaintiff respectfully submits that this issue is properly resolved through judicial interpretation of the Federal Rules rather than through the imposition of sanctions upon a litigant seeking clarification of those obligations.

Finally, the relief requested in the Renewed Motion is measured and proportional. Plaintiff does not seek punitive sanctions against Defendants, extraordinary discovery remedies, or relief exceeding the authority granted by the Federal Rules. Instead, Plaintiff requests only that the Court determine whether limited supplementation, clarification, or confirmation is appropriate under the circumstances.

Under these circumstances, Defendants have not demonstrated that an award of attorney's fees, expenses, or sanctions is warranted.

Accordingly, Defendants' request for attorney's fees, expenses, and sanctions should be denied.

## IX. REQUESTED RELIEF

For the reasons set forth in the Renewed Motion (DE 120), the supporting exhibits (DE 121), this Reply, the Federal Rules of Civil Procedure, and the procedural record developed throughout these proceedings, Plaintiff respectfully requests that the Court exercise its discretion and grant such relief as it determines appropriate, including the following:

**A.**

Determine that the Renewed Motion seeks enforcement of Defendants' continuing obligations under Rules 26(e), 26(g), 34, and 37 of the Federal Rules of Civil Procedure with respect to existing discovery responses and productions, and does not seek to reopen discovery, modify the Court's Scheduling Order, or expand the scope of previously served discovery.

**B.**

Determine whether Defendants have satisfied their continuing obligations to supplement materially incomplete or materially incorrect discovery responses as required by Rule 26(e).

**C.**

To the extent the Court determines supplementation is required under Rule 26(e), direct Defendants to supplement any materially incomplete or materially incorrect discovery response and produce any additional responsive, nonprivileged information required by the Federal Rules.

**D.**

To the extent the Court determines clarification is appropriate, direct Defendants to clarify the completeness of their existing discovery responses concerning the categories identified in the Renewed Motion, including:

- electronically stored information ("ESI");
- Microsoft Teams and email communications;

- Paylocity audit and timekeeping records;
- Human Resources complaints and investigation materials;
- performance evaluations and related drafts or approval records;
- termination-related documentation;
- comparator information;
- corporate-control and ESI custody issues; and
- other categories specifically identified in the Renewed Motion and supporting exhibits.

**E.**

To the extent the Court determines additional clarification concerning electronically stored information is appropriate, direct Defendants to identify the principal custodians, repositories, and sources reasonably searched in responding to Plaintiff's previously served discovery requests, sufficient to permit evaluation of the reasonableness and completeness of Defendants' search for responsive, nonprivileged information.

**F.**

To the extent appropriate under Rules 26(e) and 26(g), direct Defendants, following the reasonable inquiry required by the Federal Rules, to supplement or correct any materially incomplete discovery response and confirm that all responsive, nonprivileged information within their possession, custody, or control responsive to Plaintiff's previously served discovery requests has been produced, or alternatively identify responsive information that:

- does not exist;
- cannot be located following a reasonable search;
- is not within Defendants' possession, custody, or control; or
- is being withheld pursuant to a properly asserted claim of privilege.

**G.**

Evaluate each category of requested relief independently and, where appropriate, grant relief in part and deny relief in part consistent with the Federal Rules and the procedural record.

**H.**

Deny Defendants' request for attorney's fees, expenses, costs, and sanctions.

**I.**

Grant such other and further relief as the Court deems just and proper.

## X. CONCLUSION

**Because the Renewed Motion seeks enforcement of continuing obligations imposed by Rules 26(e), 26(g), 34, and 37 of the Federal Rules of Civil Procedure—not authorization to reopen discovery—it should be evaluated according to the relief it actually requests rather than Defendants' characterization of it.**

The procedural record reflects that Plaintiff served discovery during the discovery period, complied with the Court's directives following the May 19, 2026 hearing and the Court's Omnibus Order (DE 119), continued conferring with Defendants following entry of that Order, reviewed Defendants' supplemental responses and productions, and filed the Renewed Motion only after concluding that limited questions remained concerning the completeness of Defendants' existing discovery responses.

Accordingly, Plaintiff respectfully requests that the Court evaluate the Renewed Motion according to the relief it actually requests, the Federal Rules governing that relief, and the procedural record developed throughout these proceedings; grant the limited relief requested in the Renewed Motion to the extent the Court determines appropriate under Rules 1, 26, 26(g), 34, and 37 of the Federal Rules of Civil Procedure; deny Defendants' request for attorney's fees, expenses, and sanctions; and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**CLERY ANTHONY SYLVESTRE**
Plaintiff, Pro Se

109 Riviera Circle
Weston, Florida 33326

Telephone: (305) 783-9887
E-mail: csylvestre614@outlook.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 6th day of July, 2026, I hand-delivered the foregoing Plaintiff's Reply Memorandum in Support of Renewed Motion to Compel Rule 26(e) Supplementation, Identification of ESI Sources Searched, Certification of Discovery Completeness, and Related Relief to the Clerk of the United States District Court for the Southern District of Florida for filing in the above-captioned action.

I further certify that, upon acceptance and filing by the Clerk, the foregoing will be served through the Court's CM/ECF system upon all registered counsel of record. To the extent any party is not a registered CM/ECF participant and is otherwise entitled to service under the Federal Rules of Civil Procedure or the Local Rules of this Court, service will be made in the manner required by those Rules.

Respectfully submitted,

**CLERY ANTHONY SYLVESTRE**
**Plaintiff, Pro Se**

**109 Riviera Circle**
**Weston, Florida 33326**

**Telephone: (305) 783-9887**
**E-mail: csylvestre614@outlook.com**