UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 0:25-cv-61046-EFD

CLERY ANTHONY SYLVESTRE,

Plaintiff,

v.

MOTOR SERVICES HUGO STAMP, INC.,

and

PACIFIC POWER GROUP, LLC,

Defendants.

_____/



FILED BY _____ D.C.

JUL 06 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR LIMITED STAY OF DISCOVERY**

Plaintiff, Clery Anthony Sylvestre, proceeding pro se, respectfully submits this Response in Opposition to Defendants' Motion for Limited Stay of Discovery (DE 126) and states as follows:

I. PRELIMINARY STATEMENT

This Motion presents a narrow procedural question.

Defendants seek to characterize Plaintiff's Renewed Motion (DE 120) as an effort to reopen discovery following the Court's Omnibus Order (DE 119). That characterization is incorrect.

Plaintiff's Renewed Motion expressly disclaims any request to reopen discovery, extend discovery deadlines, propound additional written discovery beyond that specifically authorized by the Court, conduct depositions, or otherwise expand merits discovery. Instead, it seeks judicial enforcement of Defendants' continuing obligations under Rules 26(e), 26(g), 34, and 37 of the Federal Rules of Civil Procedure concerning discovery that was timely requested, served during the discovery period, and answered by Defendants.

The distinction is dispositive.

The Court's Omnibus Order exercised its broad discretion over case management by vacating the Scheduling Order and directing the parties to submit a revised Joint Proposed Scheduling Order following disposition of Defendants' Motion to Dismiss. The Court also resolved discrete discovery matters concerning Becky Currie's travel and the James Gardner communications by

directing limited additional action. Nothing in that Order suspended the continuing obligations imposed by Rules 26(e), 26(g), 34, or 37, nor did it relieve either party of compliance with those Rules.

Defendants principally rely upon authorities recognizing that district courts possess discretion to stay future merits discovery while potentially dispositive motions remain pending. Plaintiff does not dispute that general proposition. Those authorities, however, do not resolve the question presented here. The issue before the Court is whether adjudication of Plaintiff's Renewed Motion—which seeks enforcement of continuing discovery obligations arising from discovery already served—should likewise be postponed.

Because Plaintiff's Renewed Motion concerns the adequacy, completeness, supplementation, and certification of existing discovery responses—not the initiation or expansion of additional merits discovery—adjudicating DE 120 neither conflicts with the Court's Omnibus Order nor undermines judicial economy. To the contrary, resolving those issues now will clarify the existing discovery record, narrow future disputes, promote compliance with the Federal Rules, and further Rule 1's mandate that every action be resolved in a just, speedy, and inexpensive manner.

Accordingly, Defendants have failed to demonstrate good cause for the extraordinary relief they request. Their Motion for Limited Stay of Discovery should be denied. Alternatively, should the Court conclude that a limited stay of future merits discovery is appropriate, Plaintiff respectfully requests that the Court expressly exclude DE 120 from the scope of any stay because that Motion concerns enforcement of continuing obligations imposed by the Federal Rules rather than the commencement of additional discovery.

## II. STATEMENT OF THE ISSUES PRESENTED

Defendants' Motion for Limited Stay of Discovery presents a narrow procedural dispute concerning the continuing application of the Federal Rules of Civil Procedure to discovery that was timely served before entry of the Court's Omnibus Order (DE 119). Resolution of Defendants' Motion requires the Court to determine the following issues:

Whether Plaintiff's Renewed Motion to Compel Rule 26(e) Supplementation, Identification of ESI Sources Searched, Certification of Discovery Completeness, and Related Relief (DE 120) seeks enforcement of continuing discovery obligations arising from discovery previously served, rather than authorization to reopen or expand discovery.

Whether the Court's Omnibus Order (DE 119), which vacated the Scheduling Order and directed the parties to submit a revised Joint Proposed Scheduling Order following disposition of Defendants' Motion to Dismiss, suspended or otherwise modified Defendants' continuing obligations under the Federal Rules of Civil Procedure with respect to discovery previously served.

Whether Rules 1, 26(e), 26(g), 34, and 37 of the Federal Rules of Civil Procedure require continued compliance with existing discovery obligations notwithstanding the pendency of Defendants' Motion to Dismiss and the Court's modification of future scheduling deadlines.

Whether the interests of judicial economy, fairness, and the efficient administration of justice are better served by resolving Plaintiff's Renewed Motion (DE 120) now, rather than postponing adjudication of issues concerning the adequacy, completeness, supplementation, and certification of Defendants' existing discovery responses.

Whether, in the alternative, any stay of future merits discovery should be expressly limited to future discovery proceedings and should not extend to Plaintiff's Renewed Motion (DE 120), which seeks enforcement of continuing obligations imposed by the Federal Rules of Civil Procedure.

## III. RELEVANT PROCEDURAL BACKGROUND

This Response concerns a narrow procedural dispute regarding Defendants' continuing discovery obligations under the Federal Rules of Civil Procedure and the effect, if any, of the Court's Omnibus Order (DE 119) upon those obligations.

During the discovery period established by the Court's Scheduling Order, Plaintiff timely served written discovery seeking documents, electronically stored information ("ESI"), communications, personnel records, Human Resources records, Paylocity audit records, performance evaluations, termination-related materials, comparator information, and other documents relevant to the claims and defenses asserted in this action. Defendants served written responses and produced documents.

After reviewing Defendants' responses and productions, Plaintiff identified material deficiencies concerning the adequacy, completeness, and scope of Defendants' discovery responses, including issues relating to ESI searches, supplementation, and the completeness of responsive information. Plaintiff thereafter engaged in multiple good-faith conferral efforts pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule 7.1(a)(3) of the Local Rules of the Southern District of Florida. Despite those efforts, the parties were unable to resolve their remaining discovery disputes.

Plaintiff subsequently filed a Motion to Compel Discovery and for Other Appropriate Relief (DE 104), followed by a Motion for Limited Extension of Discovery Deadline or, Alternatively, for Expedited Ruling (DE 109). Defendants, in turn, filed a Motion for Extension of Pretrial Deadlines and Continuance of Trial (DE 102), requesting modification of the Scheduling Order while their Motion to Dismiss remained pending.

On May 19, 2026, the Court conducted a discovery hearing concerning the parties' competing motions. Following that hearing, the Court entered its Omnibus Order (DE 119), granting Defendants' motion in part, vacating the Scheduling Order, and directing the parties to confer and

submit a revised Joint Proposed Scheduling Order following disposition of Defendants' Motion to Dismiss.

The Court also addressed two discrete discovery matters. First, the Court directed Plaintiff to identify the previously served discovery request concerning communications relating to Becky Currie's travel to Florida. Second, the Court authorized Plaintiff to serve one additional narrowly tailored discovery request concerning the James Gardner matter and directed Defendants to respond by producing responsive information or asserting any applicable objections.

Plaintiff complied with each directive contained in the Omnibus Order. Plaintiff identified the previously served discovery request concerning the Becky Currie issue, served the Court-authorized discovery request concerning the James Gardner matter, continued conferring with Defendants concerning outstanding discovery issues, and reviewed Defendants' supplemental responses to determine whether they satisfied Defendants' continuing obligations under the Federal Rules of Civil Procedure.

Following that review, Plaintiff concluded that material issues remained concerning the adequacy, completeness, supplementation, and certification of Defendants' existing discovery responses. Plaintiff therefore filed his Renewed Motion to Compel Rule 26(e) Supplementation, Identification of ESI Sources Searched, Certification of Discovery Completeness, and Related Relief (DE 120).

As expressly stated in that Motion, Plaintiff does not seek to reopen discovery, modify the Court's scheduling determinations, conduct additional merits discovery, or otherwise expand the scope of discovery. Rather, Plaintiff seeks judicial enforcement of Defendants' continuing obligations under Rules 26(e), 26(g), 34, and 37 with respect to discovery timely served during the discovery period.

Defendants thereafter filed the present Motion for Limited Stay of Discovery (DE 126), requesting that the Court postpone adjudication of Plaintiff's Renewed Motion while Defendants' Motion to Dismiss remains pending.

Accordingly, the question presently before the Court is a narrow procedural one: whether the Court's modification of future case scheduling also suspended Defendants' continuing obligations under the Federal Rules of Civil Procedure and requires postponement of Plaintiff's Renewed Motion seeking enforcement of those obligations. Plaintiff respectfully submits that it does not.

## IV. STANDARD OF REVIEW

District courts possess broad discretion to supervise discovery, manage pretrial proceedings, and resolve disputes arising under the Federal Rules of Civil Procedure. That discretion includes determining whether discovery should proceed, whether a stay of discovery is warranted, and whether discovery-related disputes should be resolved in light of the procedural posture of the case.

See Herbert v. Lando, 441 U.S. 153, 177 (1979) (recognizing the district court's broad authority to supervise discovery and prevent abuse under the Federal Rules); Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (recognizing the broad discretion of district courts to tailor and control discovery in light of the needs of the particular case).

The exercise of that discretion is guided by the Federal Rules of Civil Procedure and the Court's inherent authority to manage its docket in a manner that promotes the fair, efficient, and orderly administration of justice. Rule 1 provides that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Accordingly, the Court's exercise of its discretion should be guided not only by the pendency of Defendants' Motion to Dismiss, but also by whether postponement of Plaintiff's pending Renewed Motion will actually promote the just, speedy, and inexpensive determination of this action. Because Plaintiff's Renewed Motion concerns continuing obligations arising from discovery previously served, rather than authorization to conduct additional merits discovery, the Court should evaluate whether postponement of that Motion will meaningfully advance those objectives in the particular procedural posture presented here.

Accordingly, a party seeking a stay of discovery bears the burden of demonstrating that such relief is warranted under the circumstances presented. The mere pendency of a dispositive motion does not automatically justify postponement of every discovery-related matter. Rather, the Court must consider the nature of the relief requested, the procedural posture of the litigation, the burden upon the parties, the interests of judicial economy, and whether the requested stay will further the just and efficient resolution of the action.

Although district courts possess discretion to stay discovery in appropriate circumstances, the Eleventh Circuit has cautioned that discovery ordinarily should not be stayed merely because a dispositive motion is pending. Rather, the court should evaluate the particular circumstances of the case, the nature of the pending motion, the burden of discovery, and the interests of judicial economy before exercising that discretion.

Equally important, the Court must distinguish between motions seeking to initiate or expand future merits discovery and motions seeking enforcement of continuing obligations arising from discovery previously served. Although district courts possess discretion to defer future discovery while potentially dispositive motions remain pending, that discretion does not, absent an express order, suspend continuing obligations imposed by the Federal Rules of Civil Procedure with respect to existing discovery responses.

Accordingly, the question before the Court is not whether future merits discovery should proceed while Defendants' Motion to Dismiss remains pending. Rather, the Court must determine whether Defendants have demonstrated good cause to postpone adjudication of Plaintiff's Renewed Motion (DE 120), which seeks enforcement of continuing obligations arising from

discovery previously served during the discovery period. That determination should be guided by the Federal Rules of Civil Procedure, the Court's inherent authority to supervise discovery, and Rule 1's directive that every action be resolved in a just, speedy, and inexpensive manner.

## V. GOVERNING LEGAL PRINCIPLES

The present dispute is governed not by the law concerning stays of future merits discovery, but by the Federal Rules of Civil Procedure governing the continuing obligations of parties with respect to discovery that was timely served during the discovery period. Those obligations continue throughout the litigation unless expressly modified or suspended by order of the Court.

### A. Continuing Discovery Obligations Exist Independent of Future Discovery Scheduling.

The continuing obligations imposed by the Federal Rules are distinct from scheduling deadlines established under Rule 16; absent an express order to the contrary, modification of case deadlines does not itself extinguish duties imposed by Rules 26, 34, and 37.

The Federal Rules distinguish between the timing of discovery and the continuing obligations arising from discovery previously served. While scheduling orders regulate when discovery may be conducted, Rules 26(e), 26(g), 34, and 37 govern whether existing discovery responses remain complete, accurate, properly certified, and fully compliant with the Federal Rules.

Accordingly, modification of future scheduling deadlines does not, standing alone, terminate or suspend obligations concerning discovery already requested, served, and answered.

### B. Rule 26(e) Requires Timely Supplementation of Materially Incomplete Discovery Responses.

Rule 26(e) imposes a continuing duty upon a responding party to supplement or correct discovery responses whenever the party learns that a prior response is incomplete or incorrect in a material respect and the additional or corrective information has not otherwise been disclosed during the discovery process.

The continuing nature of Rule 26(e) reflects the principle that discovery obligations do not end with the service of an initial response but require timely correction whenever material information renders an earlier response incomplete or inaccurate.

That duty is continuing in nature. It exists independently of whether additional discovery will occur and remains applicable throughout the litigation unless otherwise ordered by the Court.

Consequently, a motion seeking enforcement of Rule 26(e) does not seek additional discovery. It seeks compliance with an existing obligation imposed by the Federal Rules.

### C. Rule 26(g) Requires a Reasonable Inquiry Before Discovery Responses Are Certified.

Rule 26(g) requires counsel to certify that discovery responses are complete and correct to the best of counsel's knowledge, information, and belief formed after a reasonable inquiry.

That certification necessarily encompasses the reasonableness of the search performed, the custodians consulted, the repositories examined, and the efforts undertaken to identify responsive electronically stored information.

Accordingly, where legitimate questions arise concerning the adequacy of those efforts, the Court retains authority to determine whether Rule 26(g) has been satisfied.

D. Rules 34 and 37 Govern the Production and Enforcement of Existing Discovery Obligations.

Rule 34 requires production of responsive documents and electronically stored information within a party's possession, custody, or control.

Rule 37 provides the mechanism through which the Court resolves disputes concerning incomplete, insufficient, or evasive discovery responses and enforces compliance with obligations imposed by the Federal Rules.

Rule 37 exists to provide the Court with effective means to enforce compliance with discovery obligations previously imposed by the Federal Rules. Plaintiff's Renewed Motion invokes that enforcement authority; it does not seek leave to conduct additional discovery.

Neither Rule creates new discovery obligations. Rather, they ensure compliance with obligations already existing under the Federal Rules.

E. The Court's Omnibus Order Did Not Expressly Suspend Continuing Discovery Obligations.

The Court's Omnibus Order addressed case scheduling and resolved discrete discovery issues presented during the May 19, 2026 hearing. It vacated the existing Scheduling Order and directed the parties to submit a revised Joint Proposed Scheduling Order following disposition of Defendants' Motion to Dismiss.

The Order did not state that Rule 26(e)'s continuing duty to supplement was suspended. Nor did it relieve counsel of Rule 26(g)'s certification obligations, modify Rule 34's production requirements, or limit the Court's authority under Rule 37 to determine whether existing discovery responses complied with the Federal Rules.

Absent such express language, the Court's scheduling determinations cannot reasonably be construed as eliminating continuing obligations independently imposed by the Federal Rules of Civil Procedure.

F. Authorities Addressing Stays of Future Discovery Do Not Govern Plaintiff's Renewed Motion.

Defendants principally rely upon decisions recognizing that district courts possess discretion to stay future discovery while potentially dispositive motions remain pending.

Plaintiff does not dispute that proposition.

Those authorities, however, address requests to initiate or continue future merits discovery.

Plaintiff's Renewed Motion presents a different procedural question. It seeks judicial enforcement of continuing obligations arising from discovery that was timely served during the discovery period. Because DE 120 concerns enforcement rather than expansion of discovery, the authorities cited by Defendants do not resolve the issue presently before the Court.

Instead, the governing principles are found in the Federal Rules of Civil Procedure, which continue to require reasonable inquiry, supplementation, complete production, and compliance unless expressly modified by order of the Court.

## VI. ARGUMENT

A. Defendants' Motion Mischaracterizes the Relief Sought in Plaintiff's Renewed Motion.

The premise underlying Defendants' Motion for Limited Stay of Discovery is that Plaintiff seeks to reopen discovery while Defendants' Motion to Dismiss remains pending. The record demonstrates otherwise.

Plaintiff's Renewed Motion expressly disclaims any request to reopen discovery, extend discovery deadlines, conduct additional depositions, propound additional written discovery beyond that specifically authorized by the Court, or otherwise expand the scope of merits discovery. Instead, Plaintiff seeks judicial enforcement of Defendants' continuing obligations under Rules 26(e), 26(g), 34, and 37 with respect to discovery timely served during the discovery period.

That distinction is dispositive.

A motion seeking leave to conduct additional discovery presents a materially different procedural question from a motion seeking enforcement of existing discovery obligations. The former concerns whether discovery should proceed. The latter concerns whether discovery responses already served satisfy the continuing requirements imposed by the Federal Rules of Civil Procedure.

Because Plaintiff's Renewed Motion falls within the latter category, Defendants' Motion is premised upon a characterization of DE 120 that is inconsistent with the relief actually requested.

B. Defendants Have Not Demonstrated Good Cause To Stay Adjudication of DE 120. Defendants' Motion effectively seeks to postpone adjudication of a pending motion that is already fully before the Court. The relief requested by Plaintiff in DE 120 can be granted, denied, or otherwise resolved on the existing record without reopening discovery, modifying the Court's scheduling directives, or requiring the parties to engage in additional merits discovery. Accordingly, the requested stay extends beyond future discovery activity and instead seeks to delay judicial resolution of an existing dispute concerning compliance with the Federal Rules of Civil Procedure.

A party requesting a stay bears the burden of demonstrating that the requested relief is warranted under the particular circumstances presented.

Defendants have not met that burden.

They identify no prejudice that would result from adjudication of Plaintiff's Renewed Motion. They do not contend that deciding DE 120 requires additional depositions, expanded written discovery, expert discovery, or modification of the Court's scheduling directives.

Rather, Plaintiff requests judicial determination of whether Defendants have complied with continuing obligations concerning discovery already requested, served, and answered.

Resolving that question imposes none of the burdens ordinarily associated with additional merits discovery.

Accordingly, Defendants have failed to establish good cause for postponing adjudication of Plaintiff's Renewed Motion.

Nor have Defendants demonstrated that adjudication of DE 120 would require additional merits discovery, alter the Court's scheduling determinations, or impose any litigation burden beyond resolution of a pending motion already before the Court. Their request therefore seeks not merely a stay of future discovery, but postponement of judicial determination of an already-filed motion concerning compliance with existing discovery obligations.

C. The Court's Omnibus Order Supports, Rather Than Defeats, Plaintiff's Position.

Defendants' Motion assumes that the Court's Omnibus Order suspended Plaintiff's pending discovery-related requests.

The Order contains no such language.

To the contrary, the Court directed Plaintiff to identify the previously served discovery request concerning Becky Currie's travel and expressly authorized Plaintiff to serve an additional narrowly tailored discovery request concerning the James Gardner matter.

Those directives demonstrate that the Court continued supervising discovery issues arising from previously served discovery even while modifying future scheduling deadlines.

Nothing within the Omnibus Order relieved Defendants of continuing obligations imposed by Rules 26(e), 26(g), 34, or 37.

Indeed, the Court's direction that Plaintiff identify the Becky Currie request and serve one additional narrowly tailored James Gardner request demonstrates that the Court continued supervising existing discovery issues even while modifying future scheduling deadlines.

D. Rule 1 Favors Immediate Resolution of Plaintiff's Renewed Motion.

Rule 1 requires both the Court and the parties to administer the Federal Rules in a manner that secures the just, speedy, and inexpensive determination of every action.

Resolving Plaintiff's Renewed Motion advances those objectives.

Determining whether Defendants have fully complied with existing discovery obligations will clarify the present discovery record, identify any supplementation required by the Federal Rules, narrow future disputes, and facilitate efficient case management should this action proceed beyond Defendants' Motion to Dismiss.

Conversely, postponing adjudication does not eliminate the parties' disagreement. It merely delays resolution of issues that will remain pending if the Motion to Dismiss is denied, thereby increasing the likelihood of additional motion practice and unnecessary duplication of effort.

Judicial economy therefore favors deciding DE 120 now.

E. Alternatively, Any Stay Should Expressly Exclude Plaintiff's Renewed Motion.

If the Court concludes that a limited stay of future merits discovery is appropriate, Plaintiff respectfully requests that the stay be expressly limited to future discovery proceedings.

Because DE 120 concerns enforcement of continuing obligations arising from discovery previously served, adjudication of that Motion neither authorizes nor requires additional merits discovery.

Accordingly, any stay entered by the Court should expressly provide that Plaintiff's Renewed Motion remains pending for determination on its merits.

VII. CONCLUSION

This dispute presents a narrow procedural question. It does not concern whether additional merits discovery should proceed while Defendants' Motion to Dismiss remains pending. Rather, it concerns whether Defendants' continuing obligations under the Federal Rules of Civil Procedure with respect to discovery timely served during the discovery period remain enforceable notwithstanding the Court's Omnibus Order.

The Federal Rules answer that question.

Rules 26(e), 26(g), 34, and 37 impose continuing obligations concerning the adequacy, completeness, supplementation, certification, and production of discovery responses. Nothing in the Court's Omnibus Order expressly suspended those obligations or relieved either party from complying with them.

Plaintiff's Renewed Motion (DE 120) therefore does not seek to reopen discovery, modify the Court's scheduling determinations, or expand the scope of merits discovery. It seeks only judicial enforcement of continuing obligations already imposed by the Federal Rules of Civil Procedure.

Accordingly, Defendants have failed to demonstrate good cause under the Federal Rules of Civil Procedure, the governing principles of case management, or the procedural posture of this action to justify postponement of Plaintiff's pending Renewed Motion. Plaintiff therefore respectfully requests that the Court deny Defendants' Motion for Limited Stay of Discovery or, alternatively, limit any stay so as not to postpone adjudication of Plaintiff's Renewed Motion, and grant such other and further relief as the Court deems just and proper.

Because DE 120 concerns enforcement of obligations that remain operative under the Federal Rules, denying Defendants' Motion will preserve the orderly administration of this case without requiring the parties to engage in additional merits discovery.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Clery Anthony Sylvestre, respectfully requests that this Court enter an Order:

Denying Defendants' Motion for Limited Stay of Discovery (DE 126).

Determining that Plaintiff's Renewed Motion to Compel Rule 26(e) Supplementation, Identification of ESI Sources Searched, Certification of Discovery Completeness, and Related Relief (DE 120) seeks enforcement of continuing obligations imposed by the Federal Rules of Civil Procedure and does not constitute a request to reopen or expand discovery.

Proceeding to adjudicate Plaintiff's Renewed Motion (DE 120) on its merits.

Alternatively, should the Court determine that a limited stay of future merits discovery is appropriate, expressly providing that such stay shall not extend to Plaintiff's Renewed Motion (DE 120), which concerns enforcement of continuing obligations arising from discovery previously served.

Granting such other and further relief as the Court deems just and proper.

**Respectfully submitted,**

**CLERY ANTHONY SYLVESTRE**
Plaintiff, Pro Se

109 Riviera Circle
Weston, Florida 33326

Telephone: (305) 783-9887

E-mail: csylvestre614@outlook.com

**DATED:** July 6, 2026

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY that on this 6th day of July, 2026, I hand-delivered the foregoing Plaintiff's Response in Opposition to Defendants' Motion for Limited Stay of Discovery to the Clerk of the United States District Court for the Southern District of Florida for filing in the above-captioned action.**

I further certify that, upon acceptance and filing by the Clerk, the foregoing will be served through the Court's CM/ECF electronic filing system upon all registered counsel of record. To the extent any person entitled to service is not a registered CM/ECF participant, service shall be made by any other method authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of Florida, or Order of the Court.

**Respectfully submitted,**

**CLERY ANTHONY SYLVESTRE**
Plaintiff, Pro Se

109 Riviera Circle
Weston, Florida 33326

Telephone: (305) 783-9887

E-mail: csylvestre614@outlook.com

**DATED:** July 6, 2026